**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
Janice Dubler, Esquire (I.D. # 020801995)
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, New Jersey  08002
(856) 488-7700; Fax:  (856) 488-7720
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCIA COLLINS, | CIVIL ACTION |
| Plaintiff, | No. 3:16-cv-02877-FLW |
| v. | **Return Date: July 5, 2016** |
| JAMES W. TURNER CONSTRUCTION, LTD; JAMES W. TURNER CONSTRUCTION, INC.; MARK HEALY; and LYNN OWENS, | The Honorable Freda L. Wolfson, U.S.D.J. |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
JAMES W. TURNER CONSTRUCTION, LTD.'S AND LYNN OWENS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
IN SUPPORT OF ALL DEFENDANTS' MOTION TO DISMISS COUNT II**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1
II. FACTS AND PROCEDURAL HISTORY ............................................................1
III. ARGUMENT...........................................................................................................3
    A. THIS COURT LACKS PERSONAL JURISDICTION OVER LTD. AND LYNN OWENS ................................................................................3
        1. Ltd.'s and Lynn Owens' Alleged Contacts with New Jersey Do Not Establish General Jurisdiction .........................................................4
        2. Ltd.'s and Lynn Owens' Alleged Contacts with New Jersey Do Not Establish Specific Jurisdiction........................................................6
            a. Ltd. Has Not Purposely Directed Its Activities To New Jersey ............................................................................................7
            b. Lynn Owens' Ministerial Acts Connected with her Legitimate Human Resources functions Do Not Confer Jurisdiction......................................................................................8
    B. COUNT II OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ......................................................................................................11
IV. CONCLUSION .....................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arpaio v. Dupre,*
  527 F. App'x 108 (3d Cir. 2013) ................................................................. 5

*Bangura v. Pennrose Mgmt. Co.,*
  No. CIV.A.1:09-04017 JEI, 2010 WL 2539419 (D.N.J. June 15, 2010) ............ 8, 10

*Benitez v. JMC Recycling Sys., Ltd.,*
  97 F. Supp. 3d 576 (D.N.J. 2015) ............................................................ 3, 5

*Boshhard v. Hackensack Univ. Med. Ctr.,*
  345 N.J. Super. 78 (App. Div. 2001) .......................................................... 11

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ............................................................................... 4, 7

*Caldwell v. KFC Corp.,*
  958 F. Supp. 962 (D.N.J. 1997) ................................................................. 11

*Carteret Sav. Bank, FA v. Shushan,*
  954 F.2d 141 (3d Cir. 1992) ...................................................................... 3

*Daimler AG v. Bauman,*
  134 S. Ct. 746 (2014) ............................................................................. 4, 5

*Dale v. Boy Scouts of America,*
  160 N.J. 562 (1999), rev'd on other grounds, 530 U.S. 640 (2000) .................. 11

*DeJoy v. Comcast Cable Comm'ns, Inc.,*
  941 F. Supp. 468 (D.N.J. 1996) ................................................................. 11

*Elecs. for Imaging, Inc. v. Coyle,*
  340 F.3d 1344 (Fed. Cir. 2003) ................................................................. 3

*Far W. Capital, Inc. v. Towne,*
  46 F.3d 1071 (10th Cir. 1995) ................................................................... 9

*Gheling v. St. George's Sch. Of Med., Ltd.,*
  773 F.2d 539 (3d Cir. 1985) ...................................................................... 5

*Goodman v. Goodman,*
  No. 04–03869, 2010 U.S. Dist. LEXIS 20518, 2010 WL 892156 (D.N.J. Mar. 5, 2010) ................................................................................................ 9

4110883v2

# TABLE OF AUTHORITIES

Page(s)

*Hansen v. Denckla,*
   357 U.S. 235 (1958) ..................................................................................................7

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
   466 U.S. 408 (1984) ..............................................................................................6, 7

*IMO Indus., Inc. v. Kiekert AG,*
   155 F.3d 254 (3d Cir. 1998) ..................................................................................4, 9

*Kapossy v. McGraw-Hill, Inc.,*
   921 F. Supp. 234 (D.N.J. 1996) ..............................................................................11

*Keeton,* 465 U.S at 781 ....................................................................................................8

*Kiah v. Singh,*
   No. CIV.A. 2:07-CV-00610, 2009 WL 47021 (D.N.J. Jan. 6, 2009) .......................9

*Knierim v. Siemens Corporation,*
   No. 06–4935, 2008 U.S. Dist. LEXIS 26571, 2008 WL 906244 (D.N.J.2008) .......9

*Lincoln Ben. Life Co. v. AEI Life, LLC,*
   800 F.3d 99 (3d Cir. 2015) ........................................................................................5

*Metcalfe v. Renaissance Marine, Inc.,*
   566 F.3d 324 (3d Cir. 2009) ......................................................................................3

*MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.,*
   65 Fed. Appx. 844 (3d Cir.2003) ..............................................................................8

*Nelligan v. Zaio Corp.,*
   No. 10-CV-1408 FLW, 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011) .........8, 10

*Nicholas v. Saul Stone & Co. LLC,*
   No. 97–860, 1998 U.S. Dist. LEXIS 22977, 1998 WL 34111036 (D.N.J. June
   30, 1998), aff'd, 224 F.3d 179 (3d Cir.2000) ...........................................................8

*O'Connor v. Sandy Lane Hotel Co.,*
   496 F.3d 312 (3d Cir. 2007) ......................................................................................7

*Oliver v. Funai Corp., Inc.,*
   No. 14-CV-04532, 2015 WL 9304541 (D.N.J. Dec. 21, 2015) ............................4, 6

*Oorah, Inc. v. Schick,*
   No. 08–2202, 2009 U.S. Dist. LEXIS 5475 (D.N.J. Jan. 26, 2009) .........................8

# TABLE OF AUTHORITIES

**Page(s)**

*Patterson v. F.B.I.*,
  893 F.2d 595 (3d Cir. 1990) ............................................................................................... 3

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
  819 F.2d 434 (3d Cir. 1987) ............................................................................................ 3, 5

*Remick v. Manfredy*,
  238 F.3d 248 (3d Cir. 2001) ............................................................................................... 4

*Santiago v. City of Vineland*,
  107 F. Supp. 2d 512 (D.N.J. 2000) ................................................................................... 11

*Schanzer v. Rutgers Univ.*,
  934 F. Supp. 669 (D.N.J. 1996) ........................................................................................ 11

*Senju Pharm. Co., Ltd. v. Metrics, Inc.*,
  96 F. Supp. 3d 428 (D.N.J. 2015) ............................................................................ 3, 4, 6, 7

*Shapiro v. Sun Life Assurance Co. of Can.*,
  117 F.R.D. 550 (1987) ....................................................................................................... 8

*Snyder v. Dolphin Encounters Ltd.*,
  235 F. Supp. 2d 433 (E.D. Pa. 2002) ................................................................................. 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) ............................................................................... 3

4110883v2

## I. INTRODUCTION

This motion seeks to dismiss Lynn Owens and James W. Turner Construction, Ltd. ("Ltd.") from this lawsuit for lack of personal jurisdiction. Defendant Lynn Owens has never been to New Jersey, was not employed by Ms. Collins' employer, and is not alleged to have directed any tortious or intentional conduct at Plaintiff except in general catchall allegations. Accordingly, this court lacks personal jurisdiction over Lynn Owens.

Plaintiff also named Ltd. as a defendant in this case, apparently because its name is similar to the name of the company that employed her, James W. Turner Construction, Inc. ("Inc.") (which is also a defendant in this case and which does not dispute personal jurisdiction). Ltd. was formed in Texas, has its principal place of business in Texas, does not do business in NJ, and never employed the Plaintiff. Accordingly, this court lacks personal jurisdiction over Ltd. and Lynn Owens.

Additionally, Count II of the Complaint alleging common law wrongful discharge should be dismissed for failure to state a claim because a plaintiff, in New Jersey, is not permitted to pursue an LAD claim and a common law claim based upon the public policy expressed in the LAD claim.

## II. FACTS AND PROCEDURAL HISTORY

On or about March 30, 2016, Plaintiff Marcia Collins ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-867-16, entitled *Marcia Collins v. James W. Turner Construction, Ltd., et al.*, (A true and correct copy of the complaint is attached hereto as Exhibit "A"). The Complaint alleges violation of New Jersey's Law Against Discrimination based on gender and/or pregnancy status and a common law wrongful discharge claim based on the same facts. This action was removed to the U.S. District Court for the District of New Jersey on May 20, 2016.

The Complaint does not specify any particular discriminatory actions or statements made by Lynn Owens on the basis of Plaintiff's gender or pregnancy, but instead, makes catchall allegations about "Defendants" and recites without specific allegations that "Defendants Healy, Owens and Does 1-5 directly participated in the above described unlawful discriminatory practices while acting within the scope of their employment as the Plaintiff's superior or otherwise within JWT's upper management responsible for the conduct complained of herein including, but not limited to Plaintiff's discharge." (Complaint Exh. A ¶ 44). The only allegations in the Complaint specific to Owens are allegations that she was part of upper management (Complaint Exh. A ¶ 6) and an allegation that Lynn Owens transmitted a separation agreement to Plaintiff (Complaint Exh. A ¶ 23).

Owens has never been to New Jersey. She provided human resource services to Plaintiff's employer. She maintained Ms. Collins' personnel file in Texas, administered her sick and vacation days from Texas, and spoke with her on the phone and by e-mail in connection with personnel related issues, but was not a decision maker in connection with Ms. Collins' hire, leave, pay, or other issues related to the terms and conditions of her employment and merely followed direction of others and administered policy.

Ltd. is a Texas partnership that does not do any business in New Jersey. It appears to have been sued here because of the similarity in the name. The Complaint contains no allegations about Ltd. and makes no allegations that Ltd. engaged in any wrongdoing, other than in its generic allegations about "Defendants."

4110883v2

III. **ARGUMENT**

A. **THIS COURT LACKS PERSONAL JURISDICTION OVER LTD. AND LYNN OWENS.**

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing "with reasonable particularity sufficient contacts between the defendant and the forum state." *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 434 (D.N.J. 2015) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)); *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) ("The plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction.").

To meet its burden under Rule 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citation omitted). "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 581 (D.N.J. 2015) (quoting *Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3d Cir. 1990)). The court must "accept the uncontroverted allegations in the Plaintiff's complaint as true and resolve any factual conflicts in the affidavits [and other written materials] in the plaintiff's favor." *Senju Pharm. Co.*, 96 F. Supp. 3d at 434-35 (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)) (internal quotation marks omitted).

"[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then the court must apply the precepts of

4110883v2

the Due Process Clause of the Constitution." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *Id.* at 259 (citation omitted).

The Due Process Clause protects a person's interest in not being subject to binding judgments imposed by foreign sovereigns. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). The heart of this protection is fair warning – the Due Process Clause requires "that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there." *Id.* at 474 (citation omitted).

Adhering to the principles of due process allows a court to exercise personal jurisdiction over a defendant under two theories, general jurisdiction and specific jurisdiction. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Ltd.'s and Lynn Owens' contacts with New Jersey do not establish jurisdiction over them under either general or specific jurisdiction.

### 1. Ltd.'s and Lynn Owens' Alleged Contacts with New Jersey Do Not Establish General Jurisdiction

Ltd's and Lynn Owens' alleged connections with New Jersey fall short of establishing the continuous and substantial contacts required to establish general jurisdiction. "General jurisdiction may be asserted over a foreign corporation even when the cause of action has no relation to those contacts if the defendants' contacts with the forum are so 'continuous and systematic' as to render them essentially 'at home' in the forum state." *Senju Pharm. Co.*, 96 F. Supp. 3d at 435 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). "This is a fact-specific inquiry, and the 'nonresident's contacts to the forum must be continuous and substantial' to support the exercise of general jurisdiction." *Oliver v. Funai Corp., Inc.*, No. 14-CV-04532,

2015 WL 9304541, at *6 (D.N.J. Dec. 21, 2015) (quoting *Arpaio v. Dupre*, 527 F. App'x 108, 113 (3d Cir. 2013)).

The Third Circuit "requires a very high showing before a court may exercise general jurisdiction." *Snyder v. Dolphin Encounters Ltd.*, 235 F. Supp. 2d 433, 437 (E.D. Pa. 2002) (citing *Gheling v. St. George's Sch. Of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)). Plaintiff must show "significantly more than minimum contacts to establish general jurisdiction." *Provident Nat'l Bank*, 819 F.2d at 437.

Importantly, the United States Supreme Court has noted that general jurisdiction for a corporation is appropriate in the forum where a corporation is incorporated or a forum where the corporation has its principal place of business. *Bauman*, 134 S. Ct. at 760-61. Additionally, the citizenship of a partnership is determined by its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)

Ltd. is neither incorporated under the laws of New Jersey, nor does it have its principal place of business – or any place of business – in New Jersey. Ltd. is a Texas partnership with its principal place of business in Texas. None of its four partners are incorporated in New Jersey, nor do they have their principal place of business in New Jersey. For these reasons alone, there is no general jurisdiction over Ltd. Additionally, Ltd. maintains no physical presence in New Jersey. (J.W. Turner Decl. at ¶ 3). It is not licensed to transact business in New Jersey and does not pay taxes, own property, or maintain a statutory agent for service of process in the state. (*Id.* at ¶ 4-5). Ltd. also does not direct advertising to New Jersey or send employees to New Jersey for meetings or conferences. (*Id.* at ¶ 9). Far from being "at home" in New Jersey, Ltd. has none of the necessary contacts with New Jersey upon which the Court could base its exercise of general jurisdiction. *See Benitez*, 97 F. Supp. 3d at 582 (finding no general jurisdiction where

4110883v2

defendant had "no known agents, facility or other personnel" in New Jersey, did not pay taxes, advertise its products, or conduct meetings in New Jersey and had never sent any employee to New Jersey to conduct business and thus could not be "at home" there).

Contacts far more pervasive than those allegedly possessed by Ltd., have been found not to confer general jurisdiction. *See Senju Pharm. Co.,* 96 F. Supp. 3d at 442 (contract with New Jersey-based company to manufacture a product part not enough to establish general jurisdiction); *Oliver,* 2015 WL 9304541 (no general jurisdiction found where corporation had employees in the state).

Plaintiff has failed to establish that Ltd. has even minimum contacts with New Jersey, much less that Ltd. maintains the heightened contacts necessary to confer general jurisdiction in the state.

As for Lynn Owens, she has never lived in or been to New Jersey. (Owens' Decl. at ¶ 3). Her permanent residence is in Tomball, Texas. (*Id.* at ¶ 2). She has never owned, rented, or possessed any real or personal property located in the State of New Jersey, and does not pay and is not liable for any New Jersey taxes. (*Id.* at ¶ 4). As such, Plaintiff has failed to establish that Lynn Owens has had any contacts with New Jersey sufficient to maintain general jurisdiction over her.

### 2. Ltd.'s and Lynn Owens' Alleged Contacts with New Jersey Do Not Establish Specific Jurisdiction

Ltd.'s and Lynn Owens' alleged contacts with New Jersey are insufficient to establish specific personal jurisdiction. The exercise of specific personal jurisdiction comports with due process only if a non-resident defendant has established "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414

4110883v2

(1984) (citation and internal quotation marks omitted). A court may "assert personal jurisdiction under the theory of specific jurisdiction if the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Id.* at 414 n. 8. For specific jurisdiction, the inquiry is whether the defendant has "'purposefully directed' his activities at residents in the forum state, *Burger King*, 471 U.S. at 472, or whether there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Hansen v. Denckla*, 357 U.S. 235, 253 (1958)." *Senju Pharm. Co.*, 96 F. Supp. 3d at 435-36.

In the Third Circuit, the inquiry into whether specific jurisdiction is established requires three elements. <u>First</u>, the defendant must have "purposely directed [its] activities" at the forum. <u>Second</u>, the litigation must "arise out of or relate to" at least one of those activities. <u>Third</u>, if the two prior requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comports with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted). None of these three elements are satisfied here.

### a. Ltd. Has Not Purposely Directed Its Activities To New Jersey

As to Ltd., the first requirement cannot be met, and thus specific jurisdiction is not proper. Ltd. did not have <u>any</u> contact with New Jersey and did not direct any activities to New Jersey or at Plaintiff in New Jersey. Thus, the remaining personal jurisdiction factors are inapplicable here to confer jurisdiction. All of Plaintiff's claims against Ltd. should be dismissed for lack of personal jurisdiction.

### b. Lynn Owens' Ministerial Acts Connected with her Legitimate Human Resources functions Do Not Confer Jurisdiction

Ms. Owens has no New Jersey related activities other than the exchange of e-mails and phone calls with Plaintiff on behalf of Ms. Collins' employer, Inc. "'As a general rule, an individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity.'" *Nelligan v. Zaio Corp.*, No. 10-CV-1408 FLW, 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011) (Wolfson, J.) (citing *Nicholas v. Saul Stone & Co. LLC*, No. 97–860, 1998 U.S. Dist. LEXIS 22977, at *10, 1998 WL 34111036 (D.N.J. June 30, 1998), aff'd, 224 F.3d 179 (3d Cir.2000)); *see also Shapiro v. Sun Life Assurance Co. of Can.*, 117 F.R.D. 550 (1987) (dismissing for lack of jurisdiction where the defendants' only contacts with the forum state were a result of following company procedures and therefore exercise of jurisdiction was unreasonable)).

As Your Honor explained in *Nelligan:*

> In *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 Fed. Appx. 844 (3d Cir.2003), the Court held that two individual defendants who travelled to the forum state of New Jersey "specifically for the purpose of doing business in New Jersey with a business then located in the state" could not be haled into a New Jersey court due to lack of personal jurisdiction. Citing *Nicholas*, 224 F.3d at 184, and *Keeton*, 465 U.S at 781, the court noted that it was "not the business of the individual officers ... with no identified contact with New Jersey other than in their capacity as corporate agents," that occasioned the few contacts the individual defendants had with the forum state. *MoneyGram*, 65 Fed. Appx. at 850. Rather, it was the business of the corporation, for whom the individuals worked, that led them to make the contacts with New Jersey. Hence the court held that the Plaintiff's attempt to "ensnare" the two individual defendants in a "jurisdictional web" ignores the defendants' separate legal identity from their employer, another defendant in that case.9 Id. While Moneygram is nonprecedential, this Court finds its analysis persuasive, and it has been relied upon by many other courts for this same proposition. See *Oorah, Inc. v. Schick*, No. 08–2202, 2009 U.S. Dist. LEXIS 5475 (D.N.J. Jan. 26, 2009) ("To exercise jurisdiction over Schick, Plaintiff must make a prima facie showing that Schick has contacts with New Jersey, aside from his capacity as an officer ..."); *Bangura*, 2010 U.S. Dist. LEXIS 59450, at *9–10, 2010 WL 2539419

("Both Holden and Jones supervised employees in New Jersey, and, as such, were required to have contact with New Jersey for the purposes of fulfilling their professional responsibilities. However, these contacts do not demonstrate purposeful availment on their part."); *Goodman v. Goodman*, No. 04–03869, 2010 U.S. Dist. LEXIS 20518, at *18, 2010 WL 892156 (D.N.J. Mar. 5, 2010) ("Unidentified 'family visits' and limited business conducted on behalf of an employer does not establish this Court's personal jurisdiction over these defendants."); *Knierim v. Siemens Corporation*, No. 06–4935, 2008 U.S. Dist. LEXIS 26571, at *22, 2008 WL 906244 (D.N.J.2008) ("In their declarations, plaintiffs point exclusively to contacts between plaintiffs and [their employer] in New Jersey, regarding the formation and alleged breach of the employment contracts. However, those contacts are not sufficiently independent of [their employer] to establish specific jurisdiction."). Indeed, it is "the general rule in federal courts [ ] that personal jurisdiction will not be exercised over an individual defendant for acts done in a corporate capacity." 3A Fletcher Cyc. Corp. § 1296.10.

Additionally, E-mails, letters, and phone calls with Plaintiff, alone, are not enough to confer jurisdiction on Ms. Owens. *See, e.g., IMO Indus.*, 155 F.3d at 259 (dismissing defendants for lack of jurisdiction because defendant's alleged contacts of two letters (which defendant had reason to know would be sent to New Jersey) and phone calls into New Jersey were "far too small to comport with the requirements of due process."); *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) (dismissing for lack of jurisdiction even though the defendants had phone calls and sent 10 to 20 faxes and letters, because "it is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts") (internal citation and quotation marks omitted). *Compare Kiah v. Singh*, No. CIV.A. 2:07-CV-00610, 2009 WL 47021, at *3 (D.N.J. Jan. 6, 2009) (finding personal jurisdiction existed where defendants allegedly accessed plaintiff's New Jersey bank accounts without authorization, defendants engaged in extensive contract negotiations on behalf of their businesses over email, telephone, facsimile and mail, and the defendants performed consulting services with knowledge that their services would be delivered to a New Jersey resident and business).

-9-

4110883v2

Ms. Owens was merely doing her job as a human resources representative. No one is arguing that Inc., the corporation on behalf of which Ms. Owens was acting, is not subject to jurisdiction in New Jersey. Here, Ms. Owens was not a decision maker and had no decision-making authority in connection with Ms. Collins' hire, leave, pay, or other issues related to the terms and conditions of her employment. She was merely following company policy and direction of others. As a personnel representative who has never even been to New Jersey, Ms. Owens should not be subject to jurisdiction based solely on her capacity as a personnel representative. *See Nelligan*, 2011 WL 1085525, at *7 (dismissing defendant for lack of jurisdiction where "the allegations that [defendant] was 'involved' in Plaintiff's compensation because he informed her of her demotion and associated compensation, and calculated her commission, [were found to be] insufficient to impute personal liability against [defendant] under any of the [LAD, EPA, FLSA and Wage and Hour] causes of action" and dismissing human resources representative where plaintiff failed to show that he could be individually liable for his actions); *see also Bangura v. Pennrose Mgmt. Co.*, No. CIV.A.1:09-04017 JEI, 2010 WL 2539419, at *3 (D.N.J. June 15, 2010) (dismissing defendants for lack of personal jurisdiction where the defendant's (one of whom was a director of human resources, a more supervisory role than Ms. Owens in this case) contacts with New Jersey were a necessary part of their job and the court found that "the necessity of communicating with an employee who happens to work in New Jersey cannot be said to show that the supervisors purposefully directed their activities at New Jersey").

An exercise of jurisdiction here over Ms. Owens, a Texas citizen following direction of others would not comport with fair play and substantial justice. Accordingly, defendants request that Ms. Owens be dismissed from the case.

4110883v2

### B. COUNT II OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff included a common law count (Count II) based on the same exact conduct on which Plaintiff based the New Jersey Law Against Discrimination Claim (Count I). A plaintiff is not permitted to pursue a LAD claim and a common law claim based upon the public policy expressed in the LAD claim. See *Dale v. Boy Scouts of America*, 160 N.J. 562 (1999), rev'd on other grounds, 530 U.S. 640 (2000); *Boshhard v. Hackensack Univ. Med. Ctr.*, 345 N.J. Super. 78, 90 (App. Div. 2001) (public policy claim barred because it did not seek to vindicate interests independent of those protected by the LAD); *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 567 (D.N.J. 2000) (common law claims for violation of public policy are preempted when a statutory cause of action under the LAD exists); *Caldwell v. KFC Corp.*, 958 F. Supp. 962, 970 (D.N.J. 1997) (dismissing common law wrongful termination claim for failure to state a claim upon which relief may be granted because LAD supplants that cause of action); *DeJoy v. Comcast Cable Comm'ns, Inc.*, 941 F. Supp. 468, 475-76 (D.N.J. 1996) (common law claim for wrongful termination is not viable to the extent it seeks the same remedy available under LAD); *Kapossy v. McGraw-Hill, Inc.*, 921 F. Supp. 234, 249 (D.N.J. 1996) ("*Catalone* holds that the New Jersey legislature, by providing a remedy in the NJLAD, intended to preempt any public policy cause of action based on the same facts which support the discrimination claim,"); *Schanzer v. Rutgers Univ.*, 934 F. Supp. 669, 678-79 (D.N.J. 1996) (federal district court followed New Jersey Supreme Court decision not to afford Pierce remedy for employment discrimination claims "on the basis that these individuals are similarly and adequately protected by the NJLAD").

Because New Jersey case law is clear on this issue, and Plaintiff's common law claim in Count II is based on the same conduct as Count I, it should be dismissed at this time.

## IV. CONCLUSION

Plaintiff has failed to show that Ltd. and Lynn Owens have the requisite minimum contacts with the State of New Jersey required under the Due Process Clause to confer personal jurisdiction over them in this matter and they should be dismissed from the case with prejudice. Moreover, for the reasons set forth, Plaintiff's Count II should be dismissed because it fails to state a claim upon which relief can be granted as to all Defendants.

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: s/Janice G. Dubler
JANICE D. DUBLER
*Attorney for Defendants*