**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
MARCIA COLLINS,                             :
                                            :      Civil Action No. 16-2877 (FLW)(LHG)
              Plaintiff,                    :
                                            :      **OPINION**
    v.                                      :
                                            :
JAMES W. TURNER CONSTRUCTION,               :
LTD; JAMES W. TURNER                        :
CONSTRUCTION, INC.; MARK HEALY,             :
Individually and as an Agent of James W.    :
Turner Construction, Ltd.; LYNN OWENS,      :
Individually and as an Agent of James W.    :
Turner Construction, Ltd.; JOHN DOES 1-5    :
And ABC CORPS 1-5,                          :
                                            :
              Defendants.                   :
_____         :

**Hon. Freda L. Wolfson, U.S.D.J.:**

      Before the Court are (i) the motion of Defendants James W. Turner Construction, Ltd. ("Ltd."); James W. Turner Construction, Inc. ("Inc."); Mark Healy; and Lynn Owens (collectively "Defendants") to dismiss the Complaint of Plaintiff Marcia Collins ("Plaintiff") against Defendants Ltd. and Lynn Owens for lack of personal jurisdiction and to dismiss Count II of the Complaint against all Defendants; as well as (ii) Plaintiff's cross motion to remand the case to the Superior Court of New Jersey, Law Division, Ocean County. Plaintiff consents to voluntary dismissal of Count II of the Complaint, but opposes dismissal of any parties on the basis of personal jurisdiction. Defendant opposes remand. For the reasons set forth below, Plaintiff's cross motion for remand is denied, Defendants' motion to dismiss Count II of the Complaint is granted by consent of the parties, Defendants' motion to dismiss the Complaint against Lynn Owens for lack of personal jurisdiction is granted, Defendants' motion to dismiss

1

the Complaint against Ltd. for lack of personal jurisdiction is denied without prejudice, and Plaintiff is granted jurisdictional discovery into the relationship between Inc. and Ltd.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

The following facts are taken from the Complaint unless otherwise noted. Plaintiff, a citizen of the State of New Jersey, was hired as a temporary administrative assistant in the Wall Township, New Jersey Office of John W. Turner Construction ("JWT") in January 2014. Compl. ¶ 9. The name "JWT" can be used to refer to two legally distinct business entities. Defendant JWT Ltd. is a Texas limited partnership, headquartered in Tomball, Texas. June 8, 2016 Declaration of James W. Turner ("6/8 JWT Decl."), ¶ 2. Ltd. has four partners: two individuals, a corporation, and an investment trust. *Id.* All four partners are citizens of the State of Texas. *Id.* Defendant JWT Inc. is a New York corporation, also headquartered in Texas. June 27, 2016 Declaration of James W. Turner ("6/27 JWT Decl."), ¶¶ 2, 5. The allegations in the Complaint do not distinguish between Defendant Ltd. and Defendant Inc., referring to both as "JWT." Compl. ¶ 3. Plaintiff contends that Defendants may be referenced collectively because the two operated as one entity, as evidenced by their overlapping management personnel and collective self-identification on their company website and in employment documents. For these and other reasons set forth in the discussion of personal jurisdiction below, Plaintiff contends that both Inc. and Ltd. were involved in the conduct that Plaintiff alleges violated the New Jersey Law Against Discrimination. Because the Complaint does not distinguish between Inc. and Ltd. in setting forth the facts, this Court also will not do so in summarizing Plaintiff's allegations. The Court will distinguish between the alleged conduct of Ltd. and Inc. in its discussion of personal jurisdiction by relying upon the parties' sworn affidavits submitted in support of their motion briefing.

JWT was satisfied with Plaintiff's work performance and hired Plaintiff as a full-time administrative assistant on or about June 1, 2014. Compl. ¶ 10. Plaintiff did well in her position and received positive verbal feedback from her supervisors. *Id.* at ¶ 12. In or around December 2014, Plaintiff informed her supervisor at JWT, Defendant Mark Healy, who was the General Manager of the New Jersey Office, and Defendant Lynn Owens, who was the Corporate Operations Manager of Ltd. and provided human resource services to Inc., that Plaintiff was pregnant and that her expected due date was April 25, 2015. *Id.* at ¶ 13. Defendants Healy and Owens approved Plaintiff's requested maternity leave. *Id.* at ¶ 14. Plaintiff went into labor eleven weeks prior to her expected due date and gave birth by caesarian section on February 8, 2015. *Id.* at ¶ 15. Plaintiff informed JWT on February 9 that she had given birth — the Complaint does not specify whom at JWT was informed, stating only that she informed "Management." *Id.* at ¶ 16. Plaintiff went out on maternity leave and planned to return on April 6, 2015. *Id.* at ¶ 17. During her maternity leave, Plaintiff communicated with unspecified members of JWT management concerning her leave, during which communications no concerns were raised by JWT concerning her maternity leave. *Id.* at ¶ 18.

On March 6, 2015, unspecified members of JWT management requested that Plaintiff provide JWT with a medical certificate from her doctor confirming her maternity leave. *Id.* at ¶ 19. Plaintiff responded immediately and sent unspecified members of JWT management a completed medical certificate from her doctor stating that Plaintiff was required to commence her maternity/disability leave on February 8, 2015 and that she was expected to return to work on April 6, 2015. *Id*. at ¶ 20. In response to her medical certificate, unspecified members of JWT management again acknowledged and approved Plaintiff's maternity leave. *Id.*

Later, on March 6, 2015, Plaintiff received a "Separation Agreement and General Release" from JWT, which appeared to request Plaintiff's resignation. *Id.* at ¶ 21. Plaintiff immediately contacted Defendant Owens via e-mail to discuss the agreement. *Id.* at ¶ 22. Plaintiff asked whether she was being terminated and expressed her intent to return to work following the conclusion of her maternity leave. *Id.* Defendant Owens responded "You are not being laid off. We have offered to return you to your job. We plan to fill the position if you are unable or do not wish to return." *Id.* Plaintiff again stated that she wished to return to work. In response, Defendant Owens forwarded Plaintiff a second "Separation Agreement and General Release," dated April 1, 2015, which did not mention a "resignation." *Id.* at ¶ 23. Plaintiff understood that the Separation Agreement and General Release also sought to terminate her employment with JWT. *Id.*

In response, Plaintiff refused to sign either of the agreements and stated her desire to return to work on April 6, 2015, at the end of her approved maternity leave. *Id.* at ¶ 24. On April 6, 2015, Plaintiff reported to work at JWT's New Jersey Office and was terminated. *Id.*

On or about March 30, 2016, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-867-16, entitled *Marcia Collins v. James W. Turner Construction Ltd., et al.* The Complaint sets forth the facts above and raises claims for violation of the New Jersey Law Against Discrimination ("NJ LAD") in Count I, and for common law wrongful discharge in Count II. Defendants removed the Complaint to this Court on May 20, 2016, on the grounds of diversity of citizenship. On June 9, 2016, Defendants moved to dismiss the Complaint against Ltd. and Defendant Owens for lack of personal jurisdiction and to dismiss Count II against all defendants as duplicative of, and barred by, NJ LAD. On June 21, 2016, Plaintiff opposed Defendants' motion and cross moved to remand the case back to state

4

court, alleging that Defendant Inc. is a citizen of the State of New Jersey, depriving this Court of federal subject matter jurisdiction. In her opposition brief, Plaintiff also agreed that her common law claim was barred by NJ LAD and consented to the voluntary dismissal of Count II. Count II is therefore dismissed, and the Court proceeds to consideration of the parties' remaining motions.

## I. PLAINTIFF'S MOTION FOR REMAND

Plaintiff contends that removal in this case was improper because the parties are not completely diverse as required by 28 U.S.C. § 1332. Plaintiff, who is a citizen of New Jersey, contends that Defendant Inc., a New York corporation, is also a citizen of New Jersey because its "nerve center" is located at its offices in Wall Township, New Jersey.

### A. Legal Standard

Under 28 U.S.C. § 1441(a), a state-court action that could have been properly filed in federal court may be removed, by a defendant, to federal court. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Federal jurisdiction may be based upon federal question or diversity grounds. 28 U.S.C. §§ 1331, 1332. Federal district courts have original jurisdiction on the basis of diversity of citizenship, as claimed in this case, where (1) the matter in controversy exceeds the sum or value of $75,000, and (2) there is diversity of citizenship between each plaintiff and each defendant in the case. *See, e.g.*, *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3rd Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)).

"A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'" *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3rd Cir. 2007)); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3rd Cir. 2006), *cert. denied*, 552 U.S. 940 (2007). However, "[r]emoval statutes are to be strictly construed against removal, and all doubts

are to be resolved in favor of remand." *Lopienski v. Centocor, Inc.,* No. 07–4519, 2008 U.S. Dist. LEXIS 49099 *5, 2008 WL 2565065 (D.N.J. Jun. 25, 2008) (citing *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 104 (1941)); *Samuel–Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 403 (3d Cir. 2004). Here, Plaintiff challenges Defendants' removal as improper.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189-90 (1936)). In so doing, parties should be mindful that "the pleadings themselves have no intrinsic capacity to establish or disestablish jurisdiction; it is axiomatic that a party may not confer or defeat jurisdiction by mere pleading." *Mennen Co. v. Atlantic Mut. Ins. Co.,* 147 F.3d 287, 293 (3d Cir. 1998). "Rather, subject matter jurisdiction depends upon facts of record, and when any question arises as to the existence of jurisdiction a federal court is obligated to make an independent determination of those facts." *Id.* at 293–94. In evaluating the citizenship of corporate parties, district courts are permitted to rely upon the parties' sworn affidavits setting forth their places of incorporation and principal places of business. *McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219–20 (3d Cir. 2010) (citing *Murray v. Commercial Union Ins. Co.,* 782 F.2d 432, 434 (3d Cir. 1986) (establishing corporate citizenship via affidavit)).

**B. Analysis**

Here, there is no dispute that Plaintiff's claims satisfy the amount in controversy requirement.[1] Plaintiff challenges only the citizenship of Defendant Inc., contending that it, like

---

[1] "In determining whether the amount in controversy reaches the threshold of $75,000.00, the court generally accepts the plaintiff's good faith allegations." *McCollum*, 376 F. App'x at 220 (citing *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 541 (3d Cir. 1995)). "A case may be dismissed for failure to meet the amount in controversy requirement only if it appears to a 'legal certainty' that the claim is for less than the jurisdictional amount." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938); *Dardovitch v. Haltzman,* 190 F.3d 125, 135 (3d Cir. 1999)).

Plaintiff, is a citizen of New Jersey. "For the purposes of [28 U.S.C. §§ 1332 and 1441], a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has adopted a "nerve center" test to identify a corporation's principal place of business. *See Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). The Supreme Court held that the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93. The Court went on to state that "in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93. *See also Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337 (3d Cir. 2013).

In support of remand, Plaintiff contends that Defendant Inc. is a subsidiary of Ltd., the principle place of business of which is where the subsidiary's, not the parent's, officers direct, control, and coordinate the subsidiary's activities. Plaintiff contends that the "day-to-day" control and coordination of Inc. was carried out by officers located in New Jersey, and therefore Inc.'s nerve center was located in New Jersey. Plaintiff offers seven "factors" in support of her contention: (1) the fact that the joint Ltd. and Inc. website states that Inc. was focused on assisting New Jersey Homeowners impacted by Hurricane Sandy, Kneisser Certification, Ex. G (JWT website, available at http://www.jwtc.net/areas-served.asp); (2) the fact that Inc. operates exclusively in New Jersey; (3) the presence of two of Inc.'s upper-level employees, Mark Healy (General Manager of Inc.) and Lloyd Vernon (Operations Manager of Inc.), in Inc.'s New Jersey

offices, where they made high-level decisions for Inc., June 21, 2016 Declaration of Marcia Collins, ¶¶ 7-9; (4) the presence of all other Inc. employees in New Jersey, *id.* at ¶ 10; (5) the fact that Defendants set forth Texas as Inc.'s "headquarters" without further specifying the nature of its operations there; (6) Defendants' failure to allege what direction and control over Inc. emanates from Texas; and (7) the fact that Defendants contend that Ltd., which operates only out of Texas, is a separate entity from Inc. On this last point, Plaintiff contends that Defendant "cannot have it both ways"; it cannot both be that Inc. is directed by Ltd.'s officers from Texas, and thus a Texas entity for subject matter jurisdiction purposes, and that Inc. is independent from Ltd. for personal jurisdiction purposes.

In opposition to Plaintiff's motion, Defendants submitted a supplementary declaration from John W. Turner. *See* 6/27 JWT Decl. Turner is a partner in Ltd. and the sole shareholder, CEO, and President of Inc. Turner certified that, as CEO and President of Inc., he maintained his primary office in Texas and retained all final decision-making power for Inc. there. Turner declared that Inc. is not a subsidiary of Ltd. and is legally separate as evidenced by a list of factors. Specifically, Turner certified:

> Inc. makes the following corporate decisions in Texas: all major strategic decisions, approval of all major expenditures and capital purchases, where to open offices, approval of all hires, what projects to pursue, which subcontractors to use, and which contracts should be accepted. I submitted Inc.'s application to become a New Jersey Reconstruction, Rehabilitation, Elevation, and Mitigation ("RREM") approved builder from Texas. I handle all insurance issues and determine what policies to procure from Texas. I manage Inc.'s litigation from Texas. All of Inc.'s finances are managed from Texas, and all bank accounts and financial records are maintained in Texas. Insurance, financial, and banking documents are stored in Texas. Information regarding the construction jobs completed in New Jersey is stored in Texas. The server Inc. employees use to enter invoices and for email is managed out of Texas. Inc.'s employment policies are developed in Texas. Inc.'s human resources functions are administered from Texas and human resources documents are maintained in Texas.

*Id.* at ¶ 5.

Reviewing the jurisdictional facts as presented by the parties, the Court finds that Defendants have provided sworn statements indicating that the "nerve center" of Inc. is located in Texas. The June 27 Turner Declaration establishes that all major strategic decisions for Inc. and most major corporate functions, including record-keeping and human resources, were managed out of Texas, not New Jersey. Plaintiff's mere allegations to the contrary, are insufficient to undermine the Turner Declaration.[2] *See Maignan v. Precision Autoworks*, No. CIV.A. 13-3735, 2014 WL 201857, at *3 (D.N.J. Jan. 15, 2014) (plaintiff's allegations in briefing were unable to challenge the sworn statements in defendant's declaration establishing that defendant's center of direction, control and coordination was in Pennsylvania, not New Jersey); *Harris v. Bristol-Myers Squibb Co.*, No. CIV.A. 11-6004 FLW, 2012 WL 1243260, at *2 (D.N.J. Apr. 12, 2012) (removal to federal court in New Jersey appropriate where defendant's general counsel certified that its headquarters was in New York, it listed its New York address on all regulatory filings with the SEC, defendant's CEO kept his primary office in New York, other members of defendant's senior leadership kept primary offices in New York, the board of directors met in new York, and defendant maintained its books and records in New York).

As discussed more fully below, Plaintiff has offered evidence indicating that Inc. and Ltd.'s operational structures may be interconnected and has sought to draw to the Court's attention to the inadequacy of Defendants' original jurisdictional allegations. Any interconnectedness in the administration of Ltd. and Inc., however, would not destroy diversity in this case as it is undisputed that Ltd. too is a citizen of Texas. Moreover, any inadequacies in

---

[2] In their reply brief, Defendants contend that Plaintiff's certification in support of remand should not be considered by this Court as not based on firsthand knowledge. Whether or not the Court considers Plaintiff's certification, however, Plaintiff's factual allegations are insufficient to rebut the conclusive factual showing in the Turner Declaration.

9

Defendants' original allegations were resolved by the Turner declaration. Accordingly, there is complete diversity of citizenship in this case, the Court may properly exercise subject matter jurisdiction under 28 U.S.C. § 1332, and Plaintiff's motion for remand is denied.

## II. DEFENDANTS' MOTION TO DISMISS

The Court next turns to Defendants' motion to dismiss the Complaint as raised against Defendants Ltd. and Owens for lack of personal jurisdiction. "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir.2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4–4(c)). Due process demands that a defendant have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)).

### A. Legal Standard

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). The plaintiff has the burden to prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992); *Pro Sports Inc. v. West,* 639 F. Supp. 2d 475, 478 (D.N.J. 2009); *Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F. Supp. 2d 629, 632 (D.N.J. 2004). Under Rule 12(b)(2), "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht*

*Sales,* 384 F.3d at 97; *see also Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 457 (3d Cir. 2003). However, although a plaintiff is entitled to have its allegations treated as true and disputed facts construed in its favor, it still "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale,* 563 F. Appx. 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank,* 954 F.2d at 146). "To meet that burden, [the plaintiff] must 'establish[ ] jurisdictional facts through sworn affidavits or other competent evidence.'" *Id.* (citation omitted). "In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." *Id.* (citation omitted); *see also Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (holding that a plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence; reliance on the bare pleadings is not enough."), *cert denied*, 498 U.S. 812 (1990). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay*, 334 F. Supp. 2d at 633 (citing *Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)).

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker,* 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us*, 318 F.3d at 456 (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997)). "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us*, 318 F.3d at 456 (quoting *Mellon Bank,* 960 F.2d at 1223). "Where the plaintiff has made this

11

required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Toys "R" Us*, 318 F.3d at 456.

Plaintiff may make a showing of either general or specific jurisdiction. In this case, Plaintiff claims that the Court has both general and specific jurisdiction over Defendants Ltd. and Owens. General jurisdiction refers to a court's power to "hear any and all claims" against an out-of-state defendant when its "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman,* 134 S.Ct. 746, 751 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011). For a corporation the "paradig [m] ... bases for general jurisdiction" are its place of incorporation and principal place of business. *Daimler AG,* 134 S.Ct. at 760 (citation omitted). However, that does not mean that "a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business." *Id.* The question is "whether that corporation's 'affiliations' with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear,* 134 S.Ct. at 2851).

In the absence of "continuous and systematic" contacts warranting the exercise of general jurisdiction, a plaintiff may rely on "specific jurisdiction" where the cause of action is related to, or arises out of, the defendant's contacts with the forum. *IMO Indus.,* 155 F.3d at 259 (citing *Helicopteros,* 466 U.S. at 414 n.8). Proper establishment of specific jurisdiction under the Due Process Clause requires satisfaction of a three-part test:

> First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros,* 466 U.S. at 414; *Grimes v. Vitalink Communications Corp.,* 17 F.3d 1553, 1559 (3d Cir.1994). And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.' "

>   *Burger King,* 471 U.S. at 476 (quoting [*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945) ] ).

*O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007).

### B. Analysis with Respect to Defendant Ltd.

Plaintiff's theories of both general and specific jurisdiction over Ltd. in this case depend upon a finding by the Court that Ltd.'s and Inc.'s operations were so interconnected that Ltd. may be held responsible for Inc.'s conduct underlying Plaintiff's employment claim. In support of such a finding, Plaintiff has introduced the following facts:

1) Ltd. formed Inc. to assist New Jersey residents affected by Hurricane Sandy, Kneisser Cert., Ex. G;

2) Ltd. and Inc. operate a joint website, http://www.jwtc.net, that identifies one of the offices of the JWT entity as operating in New Jersey, *id.*;

3) The joint website states that the JWT entity holds a New Jersey State Contractors License, a New Jersey Home Improvement License, and membership in the New Jersey Shore Builders Association, *id.*;

4) Ltd. and Inc. share a number of officers and employees. James W. Turner is both a partner of Ltd. and the sole shareholder of Inc., 6/27 JWT Decl. at ¶ 1; Lynn Owens is both the Corporate Operations Manager for Ltd. and provides human resource services for Inc. under a shared services agreement, June 8, 2016 Declaration of Lynn Owens, ¶¶ 22-23;

5) The notice of removal indicates that Ltd. and Inc. share the same principal place of business in Texas, Notice of Removal, ¶¶ 5-6;

6) JWT's "Employee Handbook" makes no distinction between employees of Ltd. and Inc., and purports to apply to both entities. "James W. Turner Construction LTD/JW Turner

13

    Construction Inc. Employee Handbook, Effective January 1, 2014," Kneisser Cert. Ex. J at 1-2;

7) The separation agreements sent to Plaintiff name only James W. Turner Construction as a party, specifying neither Ltd. nor Inc., *id* at Ex. I.

In opposition to Plaintiff's showing, Defendant offers the sworn declaration of James W. Turner that Inc. and Ltd. are legally distinct entities, and that they are not subject to a parent-subsidiary relationship or other shared control. 6/27 JWT Decl. at ¶ 2. At the stage of a motion to dismiss, however, the Court must resolve all factual disputes in Plaintiff's favor.[3] Therefore, although it is true that the corporate form should be disregarded only in exceptional circumstances, Plaintiff's factual allegations at least establish a non-frivolous case that Ltd. and Inc. were in fact operated as a unitary concern, regardless of their formal legal structure. Because Inc. does not contest that this Court has personal jurisdiction over it, were the facts to establish that Ltd. and Inc. were operated as one enterprise — or that Inc. was completely controlled by Ltd. — an exercise of personal jurisdiction over Ltd. by this Court would not offend notions of justice and fair play.

As observed above, "[t]he Supreme Court instructs that 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13 (1978)). Building upon this precedent, the Third Circuit has "explained that if 'the plaintiff's claim is not clearly frivolous [as to the basis for

---

[3] The Court notes that although the June 27 Turner Declaration is sufficient to establish that Inc.'s principal place of business is Texas, and that Inc. and Ltd. are constituted *de jure* as separate entities, it is insufficient to contradict the facts presented by Plaintiff that Inc. and Ltd. were operated *de facto* as a single concern.

14

personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.'" *Id.* (quoting *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances,* 723 F.2d 357, 362 (3d Cir. 1983)). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Id.*

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions.

*Id.* (internal quotation omitted). Accordingly, as the determinative inquiry in this case involves the structure and operation of a corporation and its relationship to a limited partnership, and Plaintiff has introduced jurisdictional facts setting forth a non-frivolous basis to conclude that Ltd. may be responsible for the conduct of Inc. within the State of New Jersey, Plaintiff will be afforded jurisdictional discovery to explore the parameters of the Ltd. and Inc. relationship.

**C. Analysis with Respect to Defendant Lynn Owens**

Lastly, the Court addresses Defendants' motion to dismiss the Complaint against Lynn Owens for lack of personal jurisdiction. The Supreme Court has recognized that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 13 (1984). *Sathianathan v. Pacific Exchange, Inc.,* 248 Fed. Appx. 345 (3d Cir.2007) ("Jurisdiction over employees of a corporation does not arise automatically from jurisdiction over the corporation."). *See also FlagHouse, Inc. v. ProSource Dev., Inc.*, 528 F. App'x 186, 189 (3d Cir. 2013) (same); *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003) (same); *Wellness Publishing v. Barefoot,* 128 F. Appx. 266, 269 n. 2 (3d Cir. 2005) (indicating that, on remand, the District Court should look to *Educational Testing Servs. v. Katzman,* 631 F.Supp. 550 556–59 (D.N.J.1986) (holding that individual actions taken in corporate capacity

could be considered in jurisdictional analysis) in determining whether the individual defendants were "not subject to personal jurisdiction because the relevant contacts were established in their roles as corporate officers").

"As a general rule, an individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity." *Nicholas v. Saul Stone & Co. LLC,* No. 97–860, 1998 U.S. Dist. LEXIS 22977, at *10, 1998 WL 34111036 (D.N.J. June 30, 1998), *aff'd,* 224 F.3d 179 (3d Cir. 2000); *see Shapiro v. Sun Life Assurance Co. of Can.,* 117 F.R.D. 550 (1987) (holding that defendants' only contacts with the forum state were a result of following company procedures, and therefore, the exercise of jurisdiction over the defendants was unreasonable). Therefore, "each defendant's contacts with the forum State must be assessed individually." *Keeton,* 465 U.S. at 781 n. 13 (citing *Rush v. Savchuk,* 444 U.S. 320, 332 (1980)). In other words, actions taken by a defendant in his or her "corporate capacity" may only be used to establish personal jurisdiction over the defendant where those actions tend to establish individual liability. *Payer v. Berrones*, No. CIV. 12-1704 RMB/JS, 2013 WL 5758717, at *3 (D.N.J. Oct. 23, 2013) (citing *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 557 F. Supp. 2d 494, 504 (D.N.J. 2008)) ("while jurisdiction over an employee does not automatically flow from jurisdiction over the employer, an individual's contacts with the forum, made in a corporate capacity, may be credited in the jurisdictional analysis, where those contacts support individual liability.").

Here, interpreting the pleadings in the light most favorable to Plaintiff, the only contacts alleged between Owens and the forum are (1) Owens having had unspecified electronic or telephonic contacts with Plaintiff during Plaintiff's maternity leave, Compl. ¶ 18; (2) Owens having e-mailed two termination agreements to Plaintiff, *id.* at ¶¶ 21-23; and (3) Owens having

received and responded to an e-mail inquiry from Plaintiff in which Plaintiff requested clarification about the first termination agreement that had been sent, to which Owens responded via e-mail, *id.* at ¶ 22. It is undisputed that all of these contacts arose while Defendant Owens was working in her official capacity providing human resources services to Inc.

On the basis of these contacts, Plaintiff seeks to impose liability, under N.J.S.A. 10:5-12(e), that Owens aided and abetted JWT's violation of NJ LAD in terminating her on the basis of her pregnancy. Under NJ LAD, "in order to hold an employee liable as an aider or abettor, a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Tarr v. Ciasulli*, 181 N.J. 70, 84, 853 A.2d 921, 929 (2004). *See also Failla v. City of Passaic,* 146 *F.*3d 149, 158 (1998) ("[W]e predict that the New Jersey Supreme Court would find that an employee aids and abets a violation of the LAD when he [or she] knowingly gives substantial assistance or encouragement to the unlawful conduct of [the] employer."). Under this standard mere failures "to act so as to protect plaintiff" or failure to "effectively respond to [plaintiff's] complaints of discrimination" "fall well short of the active and purposeful conduct that [the New Jersey Supreme Court] ha[s] held is required to constitute aiding and abetting for purposes of . . . individual liability." *Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 595, 947 A.2d 626, 646 (2008).

Here, Plaintiff has failed to introduce any jurisdictional facts tending to show "active and purposeful conduct" by Defendant Owens to assist in the principal's alleged NJ LAD violation. Further, there is no evidence of Owens' awareness of unlawful conduct. Instead, the facts show only that Defendant Owens forwarded agreements on behalf of her employer to Plaintiff and

communicated with Plaintiff via e-mail concerning those agreements. Moreover, in her e-mail communication to Plaintiff, Defendant Owens is not alleged to have terminated Plaintiff, but rather to have clarified that Defendant Inc. had offered Plaintiff the opportunity to return to work and only intended to fill Plaintiff's position if she were unable or unwilling to return. Plaintiff was not terminated until she reported to work at JWT's New Jersey Office on April 6, 2015. Compl. ¶ 24. Defendant Owens is not alleged to have been present at, or to have participated in that termination. Defendant Owens' ministerial role in forwarding Plaintiff proposed agreements from Plaintiff's employer and in explaining the nature of those agreements via e-mail are not sufficient minimum contacts to subject her to personal jurisdiction in New Jersey.

In reaching its decision, this Court is influenced by a case in which the Third Circuit, in an unreported decision, faced a similar circumstance in which a plaintiff sued Defendants for conduct during the course of an arbitration. In addition to the corporate entity, the plaintiff named individual officers and employees of the corporation as defendants. The Third Circuit observed that:

> The only contacts the individual defendants made with the forum state in this case were a handful of telephone calls, e-mails, and letters apprising appellant, a New Jersey resident, of the status of the arbitration. Such "minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that state's court system." *IMO Indus.,* 155 F.3d at 260 n. 3; *see also Toys "R" Us,* 318 F.3d at 453–54; *BP Chems.,* 229 F.3d at 261. The individual defendants did not purposefully avail themselves of the forum state and could not reasonably anticipate being haled into court there. *See BP Chemicals,* 229 F.3d at 259–60. As plaintiff failed to make even a threshold showing of jurisdiction, he was not entitled to the jurisdictional discovery he claims to have been denied. *See Toys "R" Us,* 318 F.3d at 456.

*Sathianathan v. Pac. Exch., Inc.*, 248 F. App'x 345, 347 (3d Cir. 2007). Although non-binding, this Court finds the reasoning of *Sathianathan* persuasive. Defendant Owens merely informed Plaintiff of the nature and the existence of the proposed Separation Agreements. Plaintiff has introduced no facts that Owens decided to terminate Plaintiff on an impermissible basis, nor is

Owens alleged to have participated in Plaintiff's actual termination on April 6, 2015. Defendants, on the other hand have provided affidavits that all hiring and firing authority within Inc. rested with James W. Turner, not Owens. 6/27 JWT Decl. ¶ 5. Given these facts, Defendant Owens' few e-mail (and possibly telephonic) contacts with Plaintiff, strictly in Owens' capacity as an employee of Ltd. providing human resources services to Inc., while Plaintiff was located in New Jersey, are insufficient to subject Owens to personal jurisdiction in the forum.

This Court's decision in *Nelligan v. Zaio Corp.*, No. 10-CV-1408 FLW, 2011 WL 1085525 (D.N.J. Mar. 21, 2011), is also instructive. There the plaintiff, *inter alia*, alleged an aiding and abetting violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5–1, against an individual defendant. However, "the allegations that [the individual defendant] was 'involved' in Plaintiff's compensation because he informed her of her demotion and associated compensation, and calculated her commission," were "insufficient to impute personal liability" against the individual defendant. *Id.* at *7 (citing *Lehmann v. Toys 'R' Us,* 132 N.J. 587, 626 A.2d 445 (N.J.1993) (citing N.J.S.A. 10:5–12) (stating that the LAD makes it unlawful for an employer to discriminate against an individual in compensation or in "terms, conditions, or privileges of employment" based on sex)). Accordingly, this Court found no basis for personal jurisdiction over that individual defendant. *Id.* As in *Sathianathan* and *Nelligan*, in this case, Plaintiff failed to introduce any jurisdictional facts supporting individual liability separate and apart from the conduct of Defendant Owens' corporate employer. Therefore, Defendants' motion to dismiss the Complaint against Defendant Owens for lack or personal jurisdiction is granted.

**CONCLUSION**

Accordingly, for the reasons set forth above, Plaintiff's cross motion for remand is denied, Defendants' motion to dismiss Count II of the Complaint is granted by consent of the

parties, Defendants' motion to dismiss the Complaint against Lynn Owens for lack of personal jurisdiction is granted, Defendants' motion to dismiss the Complaint against Ltd. for lack of personal jurisdiction is denied without prejudice, and Plaintiff is granted jurisdictional discovery into the relationship between Inc. and Ltd. The scope and scheduling of such discovery shall be directed by the Magistrate Judge.

Dated:     1/18/2017            /s/ Freda L. Wolfson
                         The Honorable Freda L. Wolfson
                         United States District Judge